**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TYRONE CARSON,**

      **Petitioner,**

v.                       **CIVIL ACTION NO. 2:10CV17**
                                    **(Judge Maxwell)**

**KUMA DEBOO, Warden,**

      **Respondent.**

## AMENDED REPORT AND RECOMMENDATION[1]

### I. BACKGROUND

On February 16, 2010, the *pro se* petitioner, Tyrone Carson, an inmate at FCI Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, seeking to have credit against his federal sentence for time he spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. On that same date, the petitioner filed a motion for leave to proceed *in forma pauperis*. The Clerk issued a Notice of Deficient Pleading advising the petitioner that he must submit a Prisoner Trust Account Report. On February 22, 2010, the petitioner filed his Prisoner Trust Account Report and supporting ledger sheets. The Court granted the petitioner's motion to proceed *in forma pauperis*; however, since the petitioner had sufficient funds, the Court required the petitioner to pay the filing fee. On March 6, 2010, the petitioner's filing fee was received.

On March 18, 2010, the undersigned made a preliminary review of the petition and determined

---

[1] The sole purpose of this Amended Report and Recommendation is to delete discussion of exhaustion of administrative remedies. The undersigned inadvertently included that section which is not applicable to this case because the respondent did not raise the issue as a defense.

that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On April 13, 2010, the respondent filed her Response. In addition to her response, the respondent also filed an exhibit, the Declaration of J. R. Johnson. On May 12, 2010, the petitioner filed his Opposition to the respondent's response.

## II. FACTS

On April 18, 2007, the petitioner was sentenced by the State of Virginia to a term of one year and three months for Reckless Endangerment after discharging a firearm inside a dwelling. (Doc. 13-1, p.2). On June 13, 2007, the State of Virginia sentenced the petitioner to an additional four years and three month term of imprisonment for probation violations; however, three years and eleven months were suspended. On June 20, 2007, the U.S. Marshals Service borrowed the petitioner pursuant to a federal writ from state custody to answer a federal charge, Felon in Possession of a Firearm, in the U.S. District Court for the Eastern District of Tennessee. (Doc.13-1, p. 2). At that time, the petitioner was serving a state sentence with the Virginia Department of Corrections.

On November 26, 2007, the petitioner was sentenced in United States District Court for the Eastern District of Tennessee to a 63-month term of imprisonment to be served consecutively to his state sentences. (Id.). The petitioner satisfied his state sentences on June 2, 2008, and his 63-month federal term of imprisonment commenced on this date. The petitioner was then designated to FCI Gilmer for the service of his federal sentence. (Doc. 13-1, p. 1). The petitioner received prior custody credit from his arrest on December 22, 2006, to the day he was released on bond, December 23, 2006. The petitioner also received credit for his arrest on February 6, 2007, because the state of Virginia did not credit this day to his state sentence. (Doc. 13-1, p. 17). The petitioner's projected release date is December 24, 2012, via good conduct time. (Id.).

## III. CONTENTIONS OF THE PARTIES

**A.** **The Petition**

Petitioner argues in his Application for Habeas Corpus that he should receive credit against his federal sentence for the time he spent in federal custody via writ.

B. **The Response**

The Government contends that the petition should be dismissed because the petitioner was serving a state sentence during the time spent in federal custody via writ, and the petitioner received credit for this time period against his state sentence.

C. **The Petitioner's Reply**

The petitioner asserts the sentencing judge intended for the petitioner to receive a deduction in his federal sentence when he stated the petitioner was to receive "credit for time served" from June 21, 2007.

## IV. Standard of Review

### A. Motion to Dismiss

"Amotion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## V. ANALYSIS

### A. Prior Custody Credit

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some

cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.")

However, the mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has commenced. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

Here, the petitioner's state sentence ran continuously from its start in April 2007 (See Doc. 13-1 p. 2) until its expiration on June 2, 2008. (Docs. 13-1, p. 2). Therefore, the petitioner received credit against his state sentence for the time he spent in the temporary custody of the U.S. Marshal Service from June 20, 2007 until February 14, 2008. Although the sentencing judge recommended to the BOP that the petitioner should receive "credit for time served since June 21, 2007," he did not order the petitioner's federal sentence to run concurrently with his state sentences. Because the petitioner cannot receive double credit, he is not entitled to any credit for this time against his federal sentence.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Disniss; Motion for Summary Judgment (Doc. 12) be **GRANTED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);<u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: June 8, 2010

       /s/ <u>James E. Seibert</u>
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE