# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TYRONE CARSON,**

    **Petitioner,**

**v.**                                                  **Civil Action No. 2:10 CV 17**
                                                                                **(Maxwell)**

**KUMA DEBOO, Warden,**

    **Respondent.**

## ORDER

On February 16, 2010, *pro se* Petitioner Tyrone Carson instituted the above-styled civil action by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in which he sought to have time he spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum* credited toward his federal sentence.

This case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 2 of the Local Rules of Prisoner Litigation Procedure. By Order entered March 18, 2010, Magistrate Judge Seibert indicated that his preliminary review of the petitioner's § 2241 Petition had revealed that summary dismissal was not warranted and, accordingly, directed the respondent to show cause why the requested relief should not be granted.

On April 13, 2010, the respondent filed a Motion to Dismiss; Motion for Summary Judgment and Response to Order to Show Cause or, Alternatively, Motion to Transfer along with a Memorandum in Support of said Motion. On April 14, 2010, Magistrate Judge Seibert issued a **Roseboro** Notice advising the petitioner that he had twenty-eight days in which to file any response to the respondent's Motion and that a failure to respond might

result in the entry of an order of dismissal against him.  On May 12, 2010, the petitioner filed his Opposition to Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment.

On June 7, 2010, Magistrate Judge Seibert entered a Report And Recommendation wherein he recommended that the respondent's Motion to Dismiss; Motion for Summary Judgment be granted and that the petitioner's § 2241 Application be denied and dismissed with prejudice.  Specifically, Magistrate Judge Seibert found that, because the petitioner had received credit against his state sentence for the time he spent in the temporary custody of the United States Marshals Service from June 20, 2007, until February 14, 2008, he was not entitled to any credit for that time against his federal sentence.  In this regard, the Magistrate Judge referenced the United States Supreme Court's holding from **United States v. Wilson**, 503 U.S. 329 (1992),  that, pursuant to 18 U.S.C. § 3585(b), it was clear that Congress did not intend for a defendant to receive double credit for his detention time.

In his Report and Recommendation, Magistrate Judge Seibert provided the parties with fourteen days from the date of service of said Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report and Recommendation.

On June 8, 2010, Magistrate Judge Seibert entered an Amended Report and Recommendation.  Said Amended Report and Recommendation expressly indicates that its sole purpose is to delete a discussion of exhaustion of administrative remedies which was inadvertently included in the original Report and Recommendation.  The petitioner's

Objection to the R&R was filed on June 24, 2010.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. **Thomas v. Arn**, 474 U.S. 140, 150 (1985).

As previously noted, on June 24, 2010, the petitioner filed an Objection to the R&R. In his Objection, the petitioner asserts that it was the clear intention of the sentencing judge from the United States District Court for the Eastern District of Tennessee that he receive credit toward his federal sentence for the time he spent in custody from June 20, 2007, until February 14, 2008. Accordingly, the petitioner asks that this Court issue an Order requesting that the sentencing judge from the United States District Court for the Eastern District of Tennessee advise the Court as to his intentions with regard to whether the petitioner should receive credit toward his federal sentence for the time he spent in custody as a result writ of habeas corpus *ad prosequendum*.

As noted by Magistrate Judge Seibert in his Amended Report and Recommendation, the United States Supreme Court held in **United States v. Wilson**, 503 U.S. 329 (1992), that, pursuant to 18 U.S.C. § 3585(b), it was clear that Congress did not intend for a defendant to receive double credit for his detention time. In the matter now before the Court, the petitioner did, in fact, receive credit against his state sentence for the time he spent in the temporary custody of the United States Marshals Service from June 20, 2007, until February 14, 2008. The only way that the petitioner could have received credit for this

3

time against his federal sentence was if the sentencing judge from the United States District Court for the Eastern District of Tennessee had ordered his sentence to run concurrently with his state sentences. Not only did the sentencing judge from the Eastern District of Tennessee not order the sentence to run concurrently with the petitioner's state sentences, but, as reflected in his Judgment and Commitment Order (Doc. 13-1), he expressly ordered it to run consecutively thereto. Judge Greer's intention that the petitioner's federal sentence run consecutively to his state sentences could not be more clear.

For the foregoing reasons, the Court finds that the issues raised by the petitioner in his Objection to Magistrate Judge Seibert's Amended Report and Recommendation were thoroughly considered by Magistrate Judge Seibert in said Amended Report and Recommendation. Accordingly, the Court, being of the opinion that Magistrate Judge Seibert's Amended Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action, it is

**ORDERED** that the Amended Report and Recommendation entered by United States Magistrate Judge Seibert on June 8, 2010 (Doc. 18), be, and the same is hereby, **ACCEPTED** and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondent's Motion to Dismiss; Motion for Summary Judgment (Doc. 12) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) be, and the same is hereby, **DENIED** and **DISMISSED with prejudice**. It is further

4

**ORDERED** that the Clerk of Court shall enter judgment for the respondent. It is further

**ORDERED** that, should the petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* petitioner and to counsel of record in the above-styled civil action.

**DATED**: August 16, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE